UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH GOINS,

                                    Plaintiff,

                                                        Case # 13-CV-6551-FPG

v.

                                                        DECISION & ORDER

FINGER LAKES SERVICE GROUP, INC.,

                                    Defendant.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, alleging that Defendant Finger Lakes Service Group, Inc. illegally discriminated against him. Defendant has moved to dismiss the Complaint, arguing in part that the Court lacks jurisdiction to hear the case.

In that regard, filing a charge with the Equal Employment Opportunity Commission ("EEOC") or a state administrative agency is a prerequisite to bringing a suit under Title VII. *Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135, 146 (2d Cir. 2012) (citing 42 U.S.C. § 2000e—5(e)(1), (f)(1)). A plaintiff has 300 days from the date of the alleged discriminatory action to file its EEOC complaint. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10, (2002). Title VII also precludes recovery for discrete acts of discrimination which occur outside of this statutory time period, regardless of whether such acts are related to other discriminatory acts alleged in timely filed charges. *See Chin*, 685 F.3d at 156–57.

If the EEOC charge was not timely filed, a federal district court cannot hear the case, since "under Title VII, courts do not have jurisdiction over claims of discrimination which occurred more than 300 days prior to the date on which an administrative charge of

discrimination was filed." *Duncan v. CooperVision, Inc.*, No. 12-CV-6087, 2013 WL 6384596, at *4 (W.D.N.Y. Dec. 6, 2013).

The Court must be satisfied that it has jurisdiction in order to hear this case, and it is the Plaintiff's burden to establish subject matter jurisdiction by a preponderance of the evidence. *See Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002); *see also Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff as it is the plaintiff who seeks to invoke the court's jurisdiction.").

To determine whether the Court has jurisdiction over this case, additional information is required. Therefore, Plaintiff Joseph Goins is directed to provide the Court with a copy of the discrimination complaint he filed with the EEOC that demonstrates it was filed within 300 days of the discriminatory conduct he alleges in this case. This documentation must be filed with the Clerk of the Court by January 24, 2014.

IT IS SO ORDERED.

DATED:      January 10, 2014
            Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge