UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH GOINS,

                              Plaintiff,

v.

FINGER LAKES SERVICE GROUP, INC.,

                              Defendant.
_____

Case # 13-CV-6551-FPG

DECISION & ORDER

## INTRODUCTION

Plaintiff Joseph Goins has commenced this action under Title VII of the Civil Rights Act of 1964, alleging that Defendant Finger Lakes Service Group, Inc. illegally discriminated against him in retaliation for his filing a prior lawsuit against a different company. Dkt. #1. Defendant has moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(1), arguing that this Court lacks jurisdiction to hear the case, and has also moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Dkt. # 6.

## DISCUSSION

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Pressley v. City of New York*, No. 11–CV–3234, 2013 WL 145747, at *4–5 (E.D.N.Y. Jan. 14, 2013) (citing *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998). The Court therefore considers first whether it has jurisdiction over this action before considering whether Plaintiff has stated a claim.

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, courts may rely on "evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002); *see also Goonewardena v. New York*, 475 F. Supp. 2d 310, 321 (S.D.N.Y. 2007) ("[T]he burden of demonstrating that the court has subject matter jurisdiction over the case falls on the plaintiff as it is the plaintiff who seeks to invoke the court's jurisdiction.").

Defendant contends that this Court lacks jurisdiction to hear the case because Plaintiff failed to timely file a charge of discrimination with an administrative agency. Filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or a state administrative agency is a mandatory prerequisite to bringing a lawsuit under Title VII. *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 146 (2d Cir. 2012) (citing 42 U.S.C. § 2000e—5(e)(1), (f)(1)). A plaintiff has 300 days from the date of the alleged discriminatory action to file its charge of discrimination with the EEOC. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109–10, (2002). Title VII also precludes recovery for discrete acts of discrimination which occur outside of this statutory time period, regardless of whether such acts are related to other discriminatory acts alleged in timely filed charges. *See Chin*, 685 F.3d at 156–57.

If the EEOC charge was not timely filed, a federal district court cannot hear the case, since "under Title VII, courts do not have jurisdiction over claims of discrimination which occurred more than 300 days prior to the date on which an administrative charge of discrimination was filed." *Duncan v. CooperVision, Inc.*, No. 12-CV-6087, 2013 WL 6384596, at *4 (W.D.N.Y. Dec. 6, 2013).

In this case, Plaintiff is proceeding *pro se*, and as such, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Accordingly, the Court interprets Plaintiff's pleadings "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Plaintiff's Complaint contradicts itself regarding when the alleged discriminatory actions occurred, as well as when Plaintiff filed his charge with the EEOC. In paragraph 5, Plaintiff states that the first alleged discriminatory act occurred on June 1, 2011, yet in the next paragraph, he says that the last discriminatory act occurred in the 1990s. Dkt. #1. In paragraph 10, Plaintiff states that he filed charges with the EEOC on November 3, 2011, yet the EEOC charge he attached to his Complaint is dated March 25, 2013. *Id.*

Plaintiff's one page response to Defendant's Motion to Dismiss does not clarify these contradictions. *See* Dkt. #7. Rather, Plaintiff simply states that he would like to proceed with his lawsuit, and without elaboration, states that he has proof to support his claims. Plaintiff did not address Defendant's argument that his EEOC charge was untimely.

Since the date of the EEOC charge is crucial, by order dated January 10, 2014, the Court explained the importance of the EEOC filing date to Plaintiff, and informed him that it was his burden to establish this Court's jurisdiction to hear this case. Dkt. #10. The order further informed Plaintiff that the Court needed additional information to determine whether it has jurisdiction over this case, and directed Plaintiff to "provide the Court with a copy of the discrimination complaint he filed with the EEOC that demonstrates it was filed within 300 days of the discriminatory conduct he alleges in this case." *Id.*

On January 15, 2014, the Plaintiff submitted a document to the Clerk of the Court in response to the Court's January 10, 2014 Order. *See* Dkt. #11. That document is identical to the EEOC charge attached to Plaintiff's Complaint. The EEOC charge alleges that the earliest date a discriminatory act took place was on June 1, 2011, and alleges that June 1, 2011 was also the last date that any discriminatory act took place. *Id.* In addition, the EEOC charge itself is dated March 25, 2013. *Id.* As such, any alleged conduct that took place before May 29, 2012 – 300 days prior to the filing of the EEOC charge – is time-barred unless Plaintiff can demonstrate that there was a continuous policy and practice of discrimination, and that an act in furtherance of the policy and practice fell within the 300–day period.

Here, the only discriminatory acts alleged in the Complaint are alleged to have taken place on June 1, 2011 and in the 1990s, which fall well outside the 300–day period. Plaintiff has not alleged any conduct in his Complaint falling within the 300 day limit, and therefore has not established that the Court has jurisdiction to hear the case. Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction is GRANTED. Having determined that the Court is without jurisdiction to hear the case, the Defendant's motion under Rule 12(b)(6) is DENIED AS MOOT[1].

## CONCLUSION

Because Plaintiff's EEOC complaint was untimely, this Court is without jurisdiction to

---

[1] The Court notes that Defendant attached several exhibits to their Rule 12(b)(6) motion, including affidavits, that are outside the pleadings. In contrast to a Rule 12(b)(1) motion, courts are generally confined to the four corners of the complaint in determining a Rule 12(b)(6) motion, unless the matters outside the pleadings are incorporated within or integral to the complaint. *See Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). The documents attached to the Rule 12(b)(6) motion do not meet this test, and are therefore inappropriate. In this case, however, the error is irrelevant since the Court has dismissed the case under Rule 12(b)(1).

hear the case. The case is therefore dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, and the Clerk is directed to enter judgment in favor of Defendant.

IT IS SO ORDERED.

DATED: January 16, 2014
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge